**DENY; and Opinion Filed November 28, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01242-CV
No. 05-18-01253-CV

### IN RE WILLIAM ELMER HASTINGS, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F08-56619-V and F09-00729-V**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

In this original proceeding, relator complains that the trial court has refused to release to relator a copy of a May 31, 2008 police report and a video of a June 17, 2008 colposcopy examination. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter

complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed a motion seeking copies of the evidence, relator requested a hearing and/or ruling on the motion, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the motion was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

181242F.P05